CHARLES HAVARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32841. Promulgated May 29, 1930.

*Walter Barton, Esq.*, and *Raymond Cushwa, Esq.*, for the petitioner.

*J. A. Lyon, Esq.*, and *B. U. Steele, Esq.*, for the respondent.

### OPINION.

TRUSSELL: We are required to decide whether the proposed assessment against the petitioner as a transferee is barred by the statute of limitations.

Disclaiming all knowledge of the acts of the corporation other than those in evidence, the petitioner contends that the bar descended five years after the filing of the return by the corporation, and, there-

fore, long prior to the mailing of the notice to the petitioner. See sections 277 (a) (2) and 280 (b) (1) of the Revenue Act of 1926. In this contention the petitioner relies upon a return filed on behalf of the corporation and introduced in evidence by the petitioner. On its face this return does not start the statute of limitations, for the reason that it was not sworn to and subscribed by any officer of the corporation. *Lucas* v. *Pilliod Lumber Co.*, 280 U. S. 245, sustaining *Pilliod Lumber Co.*, 7 B. T. A. 591. But consideration may not stop here. The return was in full detail as to gross income, deductions, net income and tax liability, and there would appear to be some ground for a conclusion that the return was subsequently validated by the corporation in its negotiations and agreements with the Commissioner or at any rate that the return was accepted, audited and thoroughly investigated by the Department as a valid return of the corporation. However, it appears unnecessary to give extensive consideration to this question for the reason that a so-called " waiver " is in evidence, signed on behalf of the Commissioner and by the corporation. If we decide that this waiver is valid to extend the period of limitation, then the contention of the petitioner is unallowable, even though we assume, without deciding, that the return would start the statute of limitations.

We think that the waiver is valid. It was forwarded to Washington for signature on behalf of the Commissioner in ample time to have been signed prior to the expiration of the statutory limitation, and we must presume that it was signed in time. Cf. *Trustees for Ohio & Big Sandy Coal Co. et al.*, 9 B. T. A. 617; *Greylock Mills*, 9 B. T. A. 1281; affd., 31 Fed. (2d) 655; *National Piano Manufacturing Co.*, 11 B. T. A. 46; *Pantages Theatre Co.*, 17 B. T. A. 82. The attorneys representing the corporation in tax matters were appointed on the same day when the waiver was signed by the corporation. We do not doubt that these attorneys were fully informed of the waiver, and we think they were satisfied of its validity when they consented to an immediate assessment of the deficiency against the corporation in May, 1926, at a time when the assessment was barred unless the waiver was valid.

The notice to the petitioner was mailed prior to the expiration of the statutory period of one year following the expiration date for assessment agreed upon in the consent. Section 280 (b) (1) and section 280 (d) of the Revenue Act of 1926. We, therefore, conclude that the proposed assessment is not barred by the statute of limitations.

*This appeal will be restored to the Circuit Calendar for hearing on the remaining issues.*